**FNU AKAU, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 06–5290–ag.**

United States Court of Appeals, Second Circuit.

April 23, 2007.

H. Raymond Fasano, New York, NY, for Petitioner.

Chuck Rosenberg, United States Attorney; Brigham Cannon, Special Assistant United States Attorney, Alexandria, VA, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Fnu Akau, a native and citizen of Indonesia, seeks review of an October 24, 2006 order of the BIA denying his motion to reopen removal proceedings. *In re Fnu Akau*, No. A96 427 114 (B.I.A. Oct. 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citations omitted). The BIA may properly deny a motion when the movant fails to present material, previously unavailable evidence, or fails to establish prima facie eligibility for the relief sought. 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Here, the BIA did not abuse its discretion in denying Akau's motion to reopen because he failed to present evidence of changed country conditions in Indonesia. The BIA reasonably refused to consider the evidence Akau submitted that pre-dated the final order of removal, as there is no indication that such articles were previously unobtainable. *See Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir.2006). Further, the BIA reasonably found that the remaining documents did not establish changed country conditions in Indonesia that would warrant a reopening of Akau's removal proceedings.

Akau relies on more recent copies of the Department of State Country Reports, as well as news articles describing civil unrest and religious persecution in Indonesia to show changed conditions in Indonesia. However, at most, the documents submitted establish a continued level of unrest in Indonesia, not changed country conditions warranting a grant of asylum. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). In fact, Akau does not specifically argue what the changed conditions are; rather, he merely argues that the situation has worsened over time. The BIA properly observed, however, that the 2004 Religious Freedom Report indicates that, since the previous report, "there was no change in the status of respect for religious freedom" in Indonesia. Therefore, after considering the record as a whole and all of the background documents that Akau submitted, the BIA did not abuse its discretion in denying Akau's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.